July 3, 1979

**79-48   MEMORANDUM OPINION FOR THE ACTING DIRECTOR, EXECUTIVE OFFICE FOR U.S. ATTORNEYS**

**(1)  Conflict of Interest (18 U.S.C. § 208)—Financial Interest**
**(2)  Standards of Conduct (28 CFR § 45–735–9(a))—Prohibition Against Practice of Law**

Assistant Attorney General Harmon has asked me to reply to your memorandum of June 21, 1979, regarding Mr. A, U.S. Attorney, Southern District of Texas.

You request advice, first, with respect to A's agreement with his former law partner, entered into before he took office as U.S. Attorney, that he will rejoin him as a partner after leaving that office. There is no statute or administrative regulation that precludes an officer or employee of this Department who came to it after departing another place of employment, including a law firm in which he was a partner, from returning to that place of employment pursuant to a pre-departure agreement to do so. Where there is an agreement of that kind, the officer or employee must of course comply with the requirement of 18 U.S.C. 208 that he disqualify himself from participating in his official capacity in any matter in which the other party to the agreement has a financial interest. In A's case the requirement of the statute applies not only to a matter pending in his Office in which his former partner has a financial interest on his own account but also to any matter pending there in which the latter appears as counsel.

Your second inquiry is concerned with the law firm's library, furniture, etc., and with the building in which the firm has its offices. The building is presumably owned of record by A and his former partner, either in their own names or through a corporate entity of some kind. No doubt A's withdrawal from the firm served to relinquish his interest in its law books, equipment, and the like. However, it is not apparent that he has given up his interest in the building. The last paragraph of his letter may be read as a disclaimer of any right to income from that real property during his tenure as U.S. Attorney, but it is not a negation of his continuing half

interest in the property. For purposes of the following discussion I shall attribute ownership of a half interest to him.

The standards of conduct of this Department prohibit a professional employee from engaging in the private practice of his profession, including the practice of law, except as specifically permitted by the Associate Attorney General "in unusual circumstances." 28 CFR 45.735-9(a), (c). It seems clear that a departmental lawyer who has an interest of some kind in the ongoing earnings of a law firm of which he was formerly a member and which he is scheduled to rejoin is, for the purposes of this regulation, engaged in the private practice of law even though he is completely inactive in the firm. Here, however, it appears that A has relinquished all interest in the income of his former firm earned during his Government service. Accordingly, the resolution of the question of the applicability of the regulation to him involves a consideration of—more accurately, perhaps, it hinges on—the nature of his continuing half interest in the building where the firm's offices are located. It is difficult to conceive of that equity interest as anything but an investment in real estate. To characterize its continued ownership by A as a means of engaging in the practice of law within the meaning of § 45.735-9(a) would be unrealistic.

In sum, we are of the view that A's agreement with his former partner does not cut across any restriction of the conflict of interest laws, subject to A's possible need to disqualify himself from official action under the requirement of 18 U.S.C. 208 noted above, or any restriction of the Department's standards of conduct, including § 45.735-9(a).

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*
